IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ADAM MENA on behalf of himself and others similarly situated, § § § § Plaintiffs, § v. § § J3 OIL & GAS, INC., and § DISTRIBUTION SOLUTIONS, § LLC § § Defendants. § | Cause No. 5:15-cv-00083 **COLLECTIVE ACTION** **A Jury is Demanded** |

**PLAINTIFFS' ORIGINAL COMPLAINT AND COLLECTIVE ACTION**

Adam Mena, on behalf of himself and others similarly situated, files this Original Complaint and Collective Action.

All Plaintiffs bring this collective action against J3 Oil & Gas, Inc. and Distribution Solutions, Defendants, under the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 *et seq* (1994 ed. And Supp. III) ("FLSA"). This is a collective action by Plaintiffs, and others similarly situated, against their employer. Plaintiff seeks damage for unpaid overtime, liquidated damages, injunctive relief, declaratory relief, and a reasonable attorney's fee and costs.

1

## PARTIES

1. Plaintiff, Adam Mena, was an "employee" of Defendants, as that term is defined by the FLSA. During his employment with the Defendant, the Plaintiff was individually and directly engaged in interstate commerce, and his work was essential to Defendant's business. Plaintiff resides in Harris County, Texas.

2. Defendant, J3 Oil & Gas, Inc. is a Texas corporation conducting business in the State of Texas. Defendant employed Plaintiffs as Sand Coordinators. With respect to Plaintiffs, Defendant is subject to the provisions of the FLSA, as they were at all relevant times engaged in interstate commerce or were part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. §§203(r) and (s). The work of Defendant involves the actual movement, through interstate commerce, of supplies and materials necessary for the drilling of oil wells through the process known as fracking and other means. At the direction of Defendants, Plaintiffs observed and maintained equipment using sand which was injected into the well. Plaintiffs observed the safety practices, made recommendations, and enforced compliance of Defendants' safety rules. Defendants were Plaintiffs' "employer" as defined in 29 U.S.C. § 203(d).

3. Defendant, Distribution Solutions, LLC is a Texas limited liability corporation conducting business in the State of Texas. Defendant employed Plaintiffs as Sand Coordinators. With respect to Plaintiffs, Defendant is subject to

the provisions of the FLSA, as they were at all relevant times engaged in interstate commerce or were part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. §§203(r) and (s). The work of Defendant involves the actual movement, through interstate commerce, of supplies and materials necessary for the drilling of oil wells through the process known as fracking and other means. At the direction of Defendants, Plaintiffs observed and maintained equipment using sand which was injected into the well. Plaintiffs observed the safety practices, made recommendations, and enforced compliance of Defendants' safety rules. Defendants were Plaintiffs' "employer" as defined in 29 U.S.C. § 203(d).

4. Defendants are joint employers of Plaintiffs at all times relevant to this case. Defendants share a common core of management, owners and operators. Defendants operate the same business, pay wages to various employees, and operate out of the same location. The Plaintiffs are employed by both entities.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under the FLSA pursuant to 28 U.S.C. §1337 and 29 U.S.C. §216(b). At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce, purchasing materials through commerce, transporting final products through commerce, and conducting transactions through commerce, including the use of phones and/or cell phones, electronic mail, and the Internet. At all times pertinent to this Complaint,

3

Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).  Additionally, Plaintiffs were individually engaged in commerce through his use of materials purchased in interstate commerce.  The Plaintiffs' work was essential to Defendant's business.

6.   Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant and Plaintiffs transacted business within Bexar County, Texas, and the events underlying this complaint occurred within this judicial district.

## FACTS SUPPORTING RELIEF

7.   From August of 2014 through January 29, 2015, Defendants employed Mr. Mena as a sand coordinator.  Plaintiff's duties included maintaining and operating machinery involved in the fracking of oil wells using sand, maintaining the proper consistency of the sand, and monitoring the fracking of the well with sand and other proppants.  Plaintiff was involved in making sure proper safety procedures were followed, walking the job site, visually observing the work process for safety, issuing permits to conduct work, and checking the work conditions to make sure they were non-hazardous.

8.   Plaintiff's schedule varied based on the need for labor.  Plaintiff typically worked seven days a week from 6:00 a.m. until 6:00 p.m., but was frequently required to continue working until the next shift showed up, which

added approximately 2 – 5 hours per week. Plaintiff would frequently work a minimum of 12 hours per shift.

9. Plaintiff was paid $1,700.00 per week for every week worked, regardless of hours.

**Allegations Common to all Plaintiffs**

10. During some or all of the workweeks of their tenure with the Defendants, Plaintiffs worked in excess of 40 hours per week.

11. During the weeks of employment where Plaintiffs worked more than 40 hours, Defendants failed to pay Plaintiffs the overtime premium required by the FLSA.

12. The Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA. The Defendants simply declared the Plaintiffs exempt and refused to pay overtime or modify its pay practices when confronted on numerous occasions by Plaintiffs.

13. At all times relevant to this case, the Defendants had knowledge of Plaintiffs' regular and overtime work. Defendants approved Plaintiffs' work and hours. Plaintiffs' work benefitted Defendants.

14. Defendants' actions were willful and in blatant disregard for Plaintiffs' federally protected rights.

15. Defendants are liable to Plaintiffs under the FLSA for all unpaid wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

16. Plaintiffs do not generally have access to Defendants' records and will provide additional detail after Defendants have provided records or initial disclosures have been made, if necessary.

17. At all times material to this Complaint, Defendants were the employers of the Plaintiff, and others similarly situated, and, as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

18. Additionally, Plaintiff, and others similarly situated, were individually engaged in commerce and produced goods for commerce and their work was directly and vitally related to the functioning of Defendants' business activities. aged in the business of Defendant in various localities around the United States.

19. All similarly situated "sand coordinators" are classified as "exempt" by Defendant.

### FIRST CAUSE OF ACTION:  VIOLATION OF THE
### FLSA OVERTIME PROVISION

20. Plaintiffs incorporate all averments of fact into this Cause of Action for violation of the FLSA overtime provision.

21. Throughout the employment of Plaintiffs, and others similarly

6

situated, Defendant repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiffs at a rate not less than one and one-half times their regular rate of pay for each hour worked in excess of 40 in a workweek.

22. During one or more workweeks of Plaintiffs' employment with Defendant, Plaintiffs, and all others similarly situated, have worked more than forty (40) hours per week.

23. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL CURRENT OR FORMER EMPLOYEES EMPLOYED BY DEFENDANTS FOR THE PREVIOUS THREE YEARS AS SAND COORDINATORS ON ANY PROJECT WORKED BY DEFENDANTS.

> This action is properly brought as a collective action for the following reasons:

> a. The Collective is so numerous that joinder of all Collective Members is impracticable.

> b. Numerous questions of law and fact regarding the liability of Defendants are common to the Collective and predominate over any individual issues which may exist. Each putative collective member was paid under the same scheme on an hourly basis without provision for overtime.

> c. The claims asserted by Plaintiffs are typical of the claims of the Collective Members and the Collective is readily ascertainable from Defendants' own records. The pay practice in violation of the FLSA is consistent for all employees employed by Defendants as sand

   coordinators.  A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

d.  Plaintiffs will fairly and adequately protect the interests of Collective Members.  The interests of Collective Members are coincident with, and not antagonistic to, those of Plaintiffs.  Furthermore, Plaintiffs are represented by experienced collective action counsel.

e.  The prosecution of separate actions by individual Collective Members would create a risk of inconsistent or varying adjudications with respect to individual Collective Members which would establish incompatible standards of conduct for Defendant.

f.  The prosecution of separate actions by individual Collective Members would create a risk of adjudications with respect to individual Collective Members which would, as a practical matter, be dispositive of the interests of the other Collective Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

g.  Defendants acted on grounds generally applicable to the Collective, thereby making appropriate final injunctive relief with respect to the Collective as a whole.

24.  For the foregoing reasons, Plaintiff seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because his claims are nearly identical to those of other Collective Members. Plaintiff and Collective Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to Defendants' common practice, policy or plan regarding employee wages and hours.

25. The Defendants are obligated by law to pay Plaintiffs, and all others similarly situated, at a rate of one and one-half times the regular hourly rate for each hour worked over forty (40) in any workweek.

26. Defendants did not pay Plaintiffs, and all others similarly situated, the overtime rate for hours worked over forty (40).

27. As a result of Defendants' unlawful conduct, Plaintiffs, and all others similarly situated, are entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid at the proper overtime premium.

28. Plaintiffs, and all others similarly situated, further seek liquidated damages as Defendants' conduct is in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

29. Plaintiffs, and all others similarly situated, also seek compensation of recoverable expenses, costs of court, expert fees, mediator fees, and out-of-pocket expense incurred and reasonable and necessary attorney's fees pursuant to 29 U.S.C. §216(b).

30. Plaintiffs have retained the law firm of Ross Law, P.C. to represent him in this suit. Plaintiffs have entered into a valid contract with Ross Law, P.C. and have appointed that firm and the undersigned counsel to be his sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties,

including Plaintiffs.  To avoid tortious interference with Plaintiffs' obligations to his attorneys in this suit, all communications concerning this suit must be made by Defendants and Defendants' attorneys solely to and through the undersigned counsel.  Plaintiffs' contract with and representation by Ross Law, P.C. and the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiffs are entitled to collect from Defendants pursuant to 29 U. S. C. § 216(b).

## FIRST CAUSE OF ACTION:  VIOLATION OF THE FLSA ANTI-RETALIATION PROVISION

31.     Plaintiff incorporate all averments of fact into this Cause of Action for violation of the FLSA anti-retaliation provision.

32.     Plaintiff Adam Mena complained to Defendants regarding the lack of overtime at various times during his employment.

33.     When Defendants discovered the Mr. Mena intended to file this lawsuit, Defendants terminated Mr. Mena's employment.

34.     Mr. Mena was an excellent worker without any form of discipline or other problems with his work.

35.     Defendants had no legitimate business reason for termination and provided Mr. Mena with no reason on the date of termination.

36. Defendants terminated Mr. Mena within hours of discovering that Mr. Mena intended to hire a lawyer and file this lawsuit.

37. The FLSA protects employees from retaliation for complaining, discussing, or asserting their rights to overtime.

38. Mr. Mena has been deprived of his employment and the benefits of that employment, for which he now sues, including but not limited to lost wages and other benefits of employment.

39. Mr. Mena was required to hire a lawyer to bring these claims and seeks recovery of reasonable attorney's fees and costs.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims that he has asserted in this Complaint.

## PRAYER FOR RELIEF

Adam Mena, individually and on behalf of all others similarly situated, demand Judgment against Defendants, jointly and severally, for the following:

    a. Determining that the action is properly maintained as a collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Collective Members;

    b. Ordering prompt notice of this litigation to all potential Collective Members;

    c. Awarding Plaintiff and Collective Members declaratory and/or injunctive relief as permitted by law or equity;

    d.    Awarding Plaintiff and Collective Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

    e.    Awarding Plaintiff and Collective Members their pre-judgment and post-judgment interest as provided by law, should liquidated damages not be awarded;

    f.    Awarding Plaintiff and Collective Members liquidated damages and/or statutory penalties as provided by law;

    g.    Awarding Mr. Mena and any other individuals who are terminated lost wages and other benefits of employment,

    h.    Awarding Plaintiff and Collective Members such other and further relief as the Court deems just and proper.

Respectfully submitted,

**ROSS LAW GROUP**
/s/ Thomas H. Padgett, Jr.
**THOMAS H. PADGETT, JR.**
Texas Bar No. 15405420
Fed. ID:  11554
Attorney-in-Charge
4809 Pine St.
Bellaire, Texas 77401
Ph:  800-634-8042
Ph:  512-474-7677
Fax: 512-4745306
tpadgett@rosslawgroup.com

**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio St.
Austin, Texas 78701
**ATTORNEYS FOR PLAINTIFF**